Good morning. I'm Stephanie Simpson, counsel for the appellant. This case has been before this court before and remanded, and it's now before the court on denial of EAJA fees. And I'd like to state the Lewis case that this court issued in 2002, that the clearly stated objective of EAJA fees is to eliminate financial disincentives to those who would defend against unjustifiable or unjustified governmental action and thereby deter the unreasonable exercise of governmental authority. I'm going on that. What happened is the claimant was found disabled in 1991 in a decision filed in 1996. She had filed for SSI benefits, which is Title XVI, and also for Title II benefits. The judge issued a decision finding her disabled only under SSI. But that SSI application, which is Regulation 416.210, provides that you must file for all benefits, so therefore that regulation is also used as a Title II application. In addition, the file contained a notice stating that she had filed in 12-892 for Title II. Twenty-four days after the ALJ decision, the claimant and I went to the Van Nuys office, and she filed another Title II application. The issue here is when there are the administration usually issues Title XVI first. Then if Title II benefits are also due in that same period, then the Title II periods offset the Title XVI benefits so that there's no overpayment. The government did not do this in this case. When it was taken up to the Ninth Circuit, the Ninth Circuit sent it back for the government to develop and see whether or not there were Title II benefits due during the relevant period so that they would offset the Title XVI benefits. And then counsel filed for EAJA fees. At the first hearing, though, the district court for development of this issue, but the district court judge overruled that, and that's why it took it to Ninth Circuit. Had the case been sent back from the district court at that time, I wouldn't have had to go to Ninth Circuit to have it sent back, and I wouldn't have had to file for all these EAJA fees. But now the government seems to want to defend itself that the commissioner's position was substantially justified and that their reasonable minds would not differ on the facts in the law. Well, there's nothing — the facts are the facts in this case. She was talking about Title II and Title XVI benefits. If the Title II benefits were paid — were due in the same period that the Title XVI benefits were paid, then the law says offset the Title II benefits against the Title XVI benefits so that there would be no overpayment. But the government didn't do that. So the sole issue in this case is, was the commissioner's position substantially justified during the court proceedings? And the appellant's position is that it was not. Had the government done its homework and developed the case as it should, this case would never have left the administrative level, because she was found disabled, she was due benefits. What benefits were due her, Title II and Title XVI? If in this period they claimed there was an overpayment, the issue is, were Title II benefits due during that period? And the answer is yes. The law says if Title II benefits were due in that period, then offset Title II against Title XVI so that there will be no overpayment. And this was not done. Based upon the Brown v. Heckler case that this Court issued quite a few years ago, the ALJ's duty was to assure that claimant's interests were considered. When we went on the overpayment issue, the ALJ did not develop the record as it should. He just didn't care. When I took it up to the Appeals Council and mentioned, please send the case back so that it can be developed and there'd be no further action on it, the district judge agreed with the magistrate judge at that time and sent the case back for development. At that stage, I wouldn't have, there wouldn't have been any further action. It's, so the sole issue is, was the Commissioner's position justified? We say no, because the Commissioner, they said there was an overpayment of $9,428.92. The Commissioner is not entitled to the $9,428.92 if the Commissioner had done what she should have done and developed the case. The disabled claimant should not pay the government back money to which it is not entitled. Thank you. Thank you. Good morning, Your Honors. My name is Leo Montiagro, appearing for the Commissioner of Social Security. Your Honor, the sole issue in this action is whether the district court's decision finding the Commissioner substantially justified was free of any clear legal error or clear error of law. The court, the district court's decision thoroughly explains its reasons for finding that the Commissioner was substantially justified. The district court was well familiar with the confusing, admittedly confusing issues in this case, and we submit that there was no clear error of law or fact. I'll note that the district court's decision actually was a magistrate's, magistrate judge was the judge who originally determined that, or recommended, I should say, that this case should be remanded. As opposing counsel noted, the district court, the district judge disagreed with the magistrate judge. Now, the magistrate judge, originally having found that this case should have been remanded, has now effectively conceded that it was a confusing case, that the Commissioner did have a genuine legal dispute upon which reasonable people could differ, and so found the Commissioner was substantially justified. Specifically, the district court said that the Commissioner premised her argument on a correct statement of law, that reasonable minds could disagree on whether a plaintiff actually raised the argument issue before the administrative law judge. And consistent with the case cited by opposing counsel, Lewis v. Barnhart, the magistrate judge and district court noted that the fact that the district court and the magistrate judge disagreed further indicates that the defendant Commissioner's position was substantially justified. I'll also note that the ---- But the only disagreement was whether or not the issue had been raised, right, at the end of the day? Yes, Your Honor. I mean, nobody ever argues that if anybody had actually looked at it, she wasn't entitled to the relief she initially or she eventually obtained, right? Yes, Your Honor. For the purposes of this case ---- So she was ---- in other words, she was ---- her position was correct from the beginning, and the only argument about it is whether it was properly preserved. No, Your Honor. I would disagree with that completely, because this ---- because this issue wasn't developed, because the Commissioner ---- Well, that's what I mean. I mean, but if ---- if it had been ultimately her position was correct from the beginning, the only question that was ever involved in this case is whether or not that issue had been preserved. I'm sorry. I don't ---- I guess I don't understand the issue to which you're referring, Your Honor. Your only ---- the only debate all along was whether or not the issue had been ---- or the failure to develop the record had been preserved. There's no doubt if the record had been fully developed that she was entitled to the relief she sought, right? Under the Ninth Circuit's decision in this underlying case in the merits? Yeah. Yes, Your Honor. Okay. But the question isn't whether the Commissioner's position was incorrect, but rather whether the Commissioner's position ---- No, it's substantially justified. But the question is whether the Petitioner properly raised the issue below. Isn't that the only dispute? Whether your position was it wasn't raised below, and hers is that it was. And the question is, is your argument that it was not raised below substantially justified? Yes, Your Honor. Is that the issue? That's one of the reasons mentioned by the district court. And that's probably the primary reason I'd concede that. Okay. So it doesn't sound like a very complicated issue. I mean, the answer may or may not be clear from reading the record and reading the law as to what you have to do and what the ALJ's responsibility is in developing a record, which may be more a legal issue than anything else. I think that's phrased or that goes into the merits of the underlying case. As the district court noted in its first reason for finding that the Commissioner was substantially justified, the district court said the Commissioner premised on a correct statement of law, and then discussed one of the legal positions that the Commissioner forwarded in the underlying case, which was the fact that this issue had not been addressed by the administrative law judge, and therefore that issue was not subject to judicial review since there was no final agency decision on it. Well, obviously, that's not something that we agreed with. Oh, certainly, Your Honor. If it hadn't been raised and that the ALJ had a duty to develop it anyway, then that view of the district court would be wrong as a matter of law. I mean, there are two possibilities here. One is that you sufficiently raise the issue, that the issue should have been decided. And two is that you sufficiently raise it so that the ALJ has an obligation to develop the issue. It's a little different from the ordinary question of whether you've raised an issue, because in a normal lawsuit you may mention an issue and it may not be sufficiently raised. Here you have a lower standard. If the ALJ has an obligation to develop a record, then raising an issue doesn't require as much as it would in an ordinary lawsuit. Yes, Your Honor. As the district court pointed out here, well, at least the district court felt that the issue hadn't been properly raised before the ALJ. The district court further pointed out that, alluding essentially to the claimant's varying arguments, that it was difficult to discern, I should quote from the district court's decision, based on the plaintiff's initial arguments in the state of the hearing record, it was reasonable to argue that the appeals counsel committed no error, essentially saying that it was difficult for the district court to discern what plaintiff's position was or what the issues were at any given moment. This case originally having been brought administratively by the agency, just to address the issue of whether there was an overpayment at all, the agency treating these separate steps separately for the purposes of developing the record, that is, whether there is an overpayment, whether it should be waived, and this other issue that claimant has raised and this Court has ruled on in the underlying case on the merits, that is, whether there should be any offset. And that's exactly what the agency tried to do here. Yes, the ALJ didn't develop this issue, and there is some question as to whether it was raised, but when the claimant clearly raised this issue to the appeals counsel, and in litigation, she was told to exhaust her administrative remedies in that fashion, and in that respect, the Commissioner tried to get the claimant to exhaust her remedies that way. But I think Judge Reinhart's question is, isn't that analysis a little bit different if the ALJ has a sua sponte duty to develop the record independent of any argument of counsel? Yes, Your Honor, that would be. But then the question just goes back to whether the ALJ knew that this was an issue when the issue spatially before him, before her, was whether there was an overpayment at all, whether there was an overpayment at all, and whether that should have been waived. The existence of some other form of government benefits and speculation as to how that might have affected the issue at hand was not covered in the record, and it wasn't reasonable to expect the ALJ to divine from the claimant's mere mention of these other benefits received that this was an issue that might affect the outcome of the case, Your Honor. Well, it certainly would have terminated a lot of litigation if the government's position at the onset of it, all right, let's remand to the ALJ and let's develop the record and settle the issue rather than litigating it all the way up here twice. That's true, Your Honor, but that goes back to the question phrased earlier about whether it was properly raised or it was clearly raised before the ALJ. And by the same token ---- But the government has some discretion in deciding how to litigate matters as well as defend the agency. Well, I was going to get to that, Your Honor. As I mentioned earlier, a claimant was told about this alternative way or what the agency believes to be the appropriate way to raise these issues to ensure that they are fully developed. And that is to go to the ---- I think she was told to go to her local district office and inquire in that fashion about any Title II benefits at issue and in that respect develop the record. If there was an ---- if there had been an actual issue, if there had been some Title II benefits that could have affected the issue at hand in this case, then it would have been properly developed and then it could have been ruled upon by an administrative logic if necessary and beyond that if necessary on judicial review. But because that didn't happen here ---- A remand, a simple remand would have been a lot simpler than that process, too. It would have been, Your Honor. But a simple court remand, Your Honor? No, a remand from the counsel. Oh, from the appeals counsel? Sure. I mean, the government at that point could have said, you know, this issue seems to be a live one. We need to develop the record. Let's remand it now and get it settled. Instead, you send her down the street to talk to her district director again and commence a new action. Just an observation. I think that engages in some speculation. I think it's a good observation when you're thinking about judicial efficiency, not just judicially but administratively. But the fact of the matter is, and I'll admit my own ignorance here in developing this case, Social Security is a very complicated system and SSI benefits and Title II benefits have monies coming from different sources for different purposes, and it's very important for that reason to develop the records and, with respect to this case, to allow the claimant to participate in the process, not just have the appeals counsel remand the administrative law judge for to respond to development of the record or the development of the record absent those earlier stages in expert You say what a complicated process this is. You've got people who need benefits. And, you know, don't you think it would be nice to make it less complicated? I mean, instead of saying I start, go start another proceeding. And otherwise we're going to go to the Ninth Circuit a couple of times. It's just somebody trying to get some Social Security benefits. Doesn't it make sense to try to find a simple way to do it? And they come in and they go to the appeals counsel and you see there's a problem over this. Why in the world wouldn't the government just want to remand it and get it done in one proceeding? Oh, I agree, Your Honor. And actually, I think the regulations are moving in that direction. But this isn't a case about seeking benefits, or at least that's not the issue that was before the ALJ. It was whether there had been an overpayment of benefits that were already being received, and instead of handling everything at once, ALJ actually, if you – well, considering the Court's – this Court's decision on the merits in the underlying case, the process was slowed. The agency did not reach out and grab this overpayment to recover it as quickly as possible. It's actually through this process hopefully resulting in a more accurate result.  Thanks very much. Thank you, Your Honor. The case is very good. It will be submitted.
judges: Lay , Reinhardt, Thomas